**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM C. SAPPINGTON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN JOHN GILLEY,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:24-cv-02441-SHL-atc |

**ORDER MODIFYING THE DOCKET AND DIRECTING PETITIONER AND RESPONDENT TO SHOW CAUSE**

On June 21, 2024, pro se Petitioner William C. Sappington filed his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.) Upon filing, he was an inmate at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee under prisoner identification number 352132. (Id. at PageID 1.)

The Clerk **SHALL RECORD** the Respondent as Warden John Gilley. See Tennessee Department of Correction ("TDOC"), https:// www.tn.gov/correction/state-prisons/state-prison-list/south-central-correctional-facility.html (showing that John Gilley is the present Warden of the SCCF) (last visited Sept. 1, 2026). The Clerk **SHALL TERMINATE** all references on the docket to Lafayette County Jail, 711 Jackson Avenue East, Oxford, Mississippi 38655, which is not a proper party to this action. (See ECF No. 1 at PageID 1; ECF No. 1-2 at PageID 17); Fed. R. Civ. P. 25(d); see also Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

The Petition is before the Court on preliminary review. (ECF No. 1.); see R. 4 Governing § 2254 Cases ("Habeas Rules").

Petitioner filed while incarcerated (ECF No. 1 at PageID 1; ECF No. 1-2 at PageID 17), but the record suggests that he has since been released. See TDOC Felony Offender Information website, https://foil.app.tn.gov/foil/details.jsp (showing May 1, 2026 as the end date of Petitioner's fifteen-year sentence and that his supervision status is "inactive") (last visited Sept. 1, 2026).

To be entitled to habeas relief under § 2254, a petitioner must show that he is "in custody pursuant to the judgment of a State court" and that the "custody is in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). The "in custody" requirement is satisfied so long as a petitioner was in custody when he brought the habeas action. Maleng v. Cook, 490 U.S. 488, 490 (1989) ("[T]he habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed"). An incarcerated prisoner who challenges the validity of his conviction always satisfies this requirement under 28 U.S.C. § 2254's "in custody" provision because the incarceration is a concrete injury that could be redressed through successful litigation. Hughes v. Eller, No. 3:23-cv-0502, 2025 WL 899956, at *1 (M.D. Tenn. Mar. 24, 2025) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)).

However, even when a petitioner was initially in custody, a habeas action will become moot if the petitioner is released and no "collateral consequence" remains for which relief could be granted. Spencer, 523 U.S. at 7–8 ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained") (citing Carafas v. LaVallee, 391 U.S. 234, 237–38 (1968)).

For the Court to retain jurisdiction over Petitioner's habeas case, "it is not enough that a dispute was alive when [Petitioner's] habeas corpus petition was filed in the district court. [Petitioner] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." See Demis v. Sniezek, 558 F.3d 508, 512 (6th Cir. 2009) (internal quotation marks and citation omitted). It is unclear whether the Court can order a remedy as to the Petition because the record suggests Petitioner completed his custodial sentence. See https://foil.app.tn.gov/foil/details.jsp (listing prisoner number 352132 as inactive). See also Goodell v. Trombley, Civil No. 01-10103-BC, 2002 WL 1041734, at *1 (E.D. Mich. May 23, 2002) (a "prisoner's release from custody subsequent to the filing of the [petition] may render his case moot").

It is therefore **ORDERED** that the Petitioner and the Respondent each show cause, within **TWENTY-EIGHT DAYS** of entry of this Order, why the Petition should not be dismissed as moot. The parties' responses to the instant Order shall address (1) whether Petitioner is presently "in custody" as required by 28 U.S.C. § 2254, and (2) Petitioner's relevant convictions and sentences. Petitioner's failure to respond may result in the dismissal of this action without prejudice pursuant to Fed. R. Civ. P. 41(b) for noncompliance and failure to prosecute.

**IT IS SO ORDERED**, this 4th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE